**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**LORIANN MONICA GONZALES,**

    **Movant/Defendant,**

v.                                           **No. 12-cv-0816 JB/SMV**
                                                                              **08-cr-1537 JB**

**UNITED STATES OF AMERICA,**

    **Respondent/Plaintiff.**

## MEMORANDUM OPINION AND ORDER TO SHOW CAUSE

This matter is before the Court sua sponte under Rule 4(b) of the Rules Governing Section 2255 Cases, on Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [CV Doc. 1; CR Doc. 73][1] ("§ 2255 Motion" or "Motion"), filed on July 25, 2012.  On April 25, 2011, the Court entered judgment on Defendant's conviction and sentence.  Sealed Judgment in a Criminal Case [CR Doc. 71] at 1.  Defendant did not appeal her conviction or sentence.  She then filed this § 2255 motion more than a year later.  The Court will allow Defendant to show why her motion is not barred by the one-year limitation period in § 2255.

Defendant did not appeal her conviction or sentence, § 2255 Motion [CV Doc. 1; CR Doc. 73] at 2, and thus her conviction became final in early May, 2011, when the time for filing an appeal expired.  *See United States v. Prows*, 448 F.3d 1223, 1227–28 (10th Cir. 2006); *and see United States v. Sandoval*, No. 09-2306, 371 F. App'x 945, 948 n.2, 2010 WL 1293341 (10th Cir. April 6, 2010) (unpublished) ("The 2009 Amendments to the Federal Rules of Appellate Procedure

---

[1] References to the record in case number 12-cv-0816 are "CV Doc. #," and references to the record in case number 08-cr-1537 are "CR Doc. #."

extended the time to appeal a final judgment in a criminal case from ten to fourteen days. . . ."). More than fourteen months after the sentence became final, Defendant filed this § 2255 motion.

Defendant will be required to show cause why her § 2255 Motion should not be dismissed as untimely. The applicable one-year limitation period in § 2255 had expired when Defendant filed her § 2255 Motion, *see United States v. Willis*, 202 F.3d 1279, 1280 (10th Cir. 2000), and the Motion must be dismissed unless she establishes grounds for tolling, *see United States v. Cordova*, No. 99-1306, 1999 WL 1136759, at *1 (10th Cir. Dec. 13, 1999) (unpublished). The Court raises the time bar to Defendant's § 2255 motion sua sponte and will allow her an opportunity to respond to this order. *See Hare v. Ray*, No. 00-6143, 2000 WL 1335428, at *1 (10th Cir. Sept. 15, 2000) (unpublished) (noting that timeliness of § 2254 petition was raised sua sponte and allowing response); *Hines v. United States*, 971 F.2d 506, 507–09 (10th Cir. 1992) (same for procedural default in § 2255 proceeding). Failure to respond to this order or otherwise show cause may result in dismissal of the § 2255 motion without further notice. *See* § 2255 R.4.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that, within thirty (30) days from entry of this order, Defendant shall file a response to this order showing cause, if any, why her § 2255 motion should not be dismissed as untimely.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**