## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

     Plaintiff,

vs.                                                                              No. CIV 12-0816 JB/SMV
                                                   No. CR 08-1537 JB

LORIANN MONICA GONZALES,

     Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on the Defendant's Memorandum to Show Cause as to Why § 2255 Motion is Timely, filed September 20, 2012 (Doc. 4)("Response").   In the Memorandum Opinion and Order to Show Cause, filed August 8, 2012 (Doc. 3)("Order to Show Cause"), the Court required Defendant Loriann Monica Gonzales to show why the Court should not dismiss her Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence as untimely filed.  The Response does not show sufficient cause.  The Court will deny Gonzales' motion under 28 U.S.C. § 2255.

On April 25, 2011, the Court entered judgment on Gonzales' conviction and sentence.  She filed her § 2255 motion on July 25, 2012.  In the Order to Show Cause, the Court noted that Gonzales filed her § 2255 motion more than fourteen months after her judgment became final.  In her response, Gonzales does not contest the Court's calculation of time before she filed.  She asserts, however, that the twelve-month limitations period began to run ninety days after the Court entered judgment on her conviction on April 25, 2011, effectively allowing her fifteen months in which to file her motion.

The one-year limitations period that applies to a § 2255 motion begins to run when a defendant's conviction becomes final. <u>See</u> 28 U.S.C. § 2255(f)(1). As in this case, judgment against a defendant who does not appeal her conviction becomes final fourteen days after judgment. <u>See United States v. Prows</u>, 448 F.3d 1223, 1227 (10th Cir. 2006); <u>United States v. Sandoval</u>, 371 F. App'x 945, 948 n. 2 (10th Cir. 2010) ("2009 Amendments to the Federal Rules of Appellate Procedure extended the time to appeal a final judgment in a criminal case from ten to fourteen days"). On the other hand, if a defendant appeals her conviction, "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." <u>Clay v. United States</u>, 537 U.S. 522, 525 (2003). Here, Gonzales attempts to obtain the benefit of the rule in <u>Clay v. United States</u> even though she did not appeal her conviction. No appellate court affirmed her conviction, <u>see</u> <u>Clay v. United States</u>, 537 U.S. at 525, and thus Gonzales had only one year and fourteen days from entry of judgment in which to file her § 2255 motion. The one-year limitations period expired approximately two months before she filed her § 2255 motion, and the Court will deny her motion as untimely.

Furthermore, under rule 11(a) of the Rules Governing Section 2255 Cases, the Court determines that Gonzales has failed to make a substantial showing that she has been denied a constitutional right. The Court will therefore deny a certificate of appealability.

**IT IS ORDERED** that Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence for Person in Federal Custody, filed July 25, 2012 (CIV Doc. 1; CR Doc. 73), is denied as untimely filed; a certificate of appealability is denied; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

*Parties*:

Loriann Monica Gonzales
Fort Worth, Texas

   *Plaintiff pro se*