**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

LORIANN GONZALES,

      Movant,

vs.                                                                          Nos. CIV 16-0683 JB/CG
                                                                                    CR 08-1537 JB

UNITED STATES OF AMERICA,

      Respondent.

<u>**MEMORANDUM OPINION AND ORDER**</u>

      **THIS MATTER** comes before the Court, under rule 4(b) of the Rules Governing Section 2255 Proceedings, on the Movant's Motion to Vacate and Correct Sentence Pursuant to 28 U.S.C. § 2255, filed June 24, 2016 (CIV Doc. 1; CR Doc. 88)("Motion"). The Court will dismiss the Motion for lack of jurisdiction, because the Motion is a second or successive motion under 28 U.S.C. § 2255.

      On July 8, 2008, Movant Loriann Gonzalez was indicted on charges of possession of methamphetamine with intent to distribute and possession of firearms. <u>See</u> Indictment, filed July 8, 2008 (CR Doc. 11). The Court sentenced Gonzales and, on April 25, 2011, entered final judgment. <u>See</u> Judgment in a Criminal Case, filed April 25, 2011 (CR Doc. 71). Gonzales filed her first § 2255 motion to vacate her sentence on July 25, 2012. <u>See</u> Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed July 25, 2012 (Doc. 73)("First Motion"). In her First Motion, she raised issues of ineffective assistance of counsel. <u>See</u> First Motion at 5. The Court dismissed the Motion as untimely under 28 U.S.C. §2255(f). <u>See</u> Memorandum Opinion and Order, filed October 26, 2012 (Doc. 78). The Court entered final

judgment on the First § 2255 Motion on October 26, 2012.  See Final Judgment, filed October 26, 2012 (CR Doc. 79).

Gonzales then filed her second motion under 28 U.S.C. § 2255 on September 9, 2013. See Motion Under 28 U.S.C. § 2255(F)3 to Vacate, Set Aside, or Correct Sentence, filed September 9, 2013 (CR Doc. 80)("Second Motion").  The Court dismissed her second § 2255 motion on the ground that it was a second or successive motion filed without a Court of Appeal's authorization, and that the Court therefore lacked jurisdiction to consider the motion.  See Memorandum Opinion and Order of Dismissal, filed November 30, 2013 (CR Doc. 82).  The Court entered final judgment on her Second Motion on November 30, 2013.  See Final Judgment, filed November 30, 2013 (CR Doc. 83).  Gonzales filed her present third § 2255 Motion on June 24, 2016.

Section 2255 provides that a panel of a Court of Appeals must certify a second or successive motion in accordance with § 2244 to contain: (i) newly discovered evidence that would be sufficient to establish by clear-and-convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (ii) a new rule of constitutional law that was previously unavailable and that the Supreme Court of the United States made retroactive to cases on collateral review.  See 28 U.S.C. § 2255(h).  Section 2244 requires that, before a movant files a second or successive application in the district court, the applicant shall move the appropriate Court of Appeals for an order authorizing the district court to consider the application.  See 28 U.S.C. § 2244(b)(3)(A).

This Motion is the second time that Gonzales has filed a § 2255 motion without a Court of Appeals' authorization as § 2244(b)(3)(A) requires.  This Court lacks jurisdiction to consider her Motion absent the requisite authorization.  When a movant files a second or successive §

2255 motion in the district court without the required Court of Appeals' authorization, the district court may dismiss or may transfer the matter to the Court of Appeals if it determines it is in the interest of justice to do so under 28 U.S.C. § 1631.  See In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008).  One of the factors the Court may consider in determining whether to transfer is whether the claims alleged are likely to have merit.  See In re Cline, 531 F.3d at 1251.

In her Motion, Gonzales seeks relief from her sentence based on the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015).  Her Motion, then, appears to proceed on an argument that there is a new rule of constitutional law permitting collateral review, and she makes no contention challenging her sentence based on newly discovered evidence.  The Supreme Court's ruling in Johnson v. United States, however, does not apply to Gonzales' sentence.

In Johnson v. United States, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") is impermissibly vague and that imposing an increased sentence under the residual clause violated the Constitution of the United States of America's guarantee of due process.  See 135 S. Ct. at 2562-63.  Gonzales' sentence, however, was not enhanced under the ACCA's residual clause, and she has never been convicted of a violent felony.  See Sealed Sentencing Memorandum ¶ 6, at 2, filed April 14, 2011 (CR Doc. 69).  Instead, her sentence was imposed based on her felony convictions for controlled substance offenses and possession of firearms under 28 U.S.C. § 924(c).  See Indictment at 1-2.  Gonzales does not meet § 2255(h)'s requirements for a second or successive motion challenging her sentence.  Applying In re Cline, the Court determines it is unlikely Gonzales would prevail on the merits of a Johnson v. United States § 2255 motion.

Gonzales does not meet § 2255(h)'s requirements for a second or successive motion challenging her sentence.  The Court lacks jurisdiction to consider the Motion.  It is not in the interests of justice, the Court declines to transfer, and the Court will dismiss this matter for lack of jurisdiction.  The Court also determines under rule 11(a) of the Rules Governing Section 2255 cases, that Gonzales has failed to make a substantial showing that she has been denied a constitutional right.  The Court will deny a certificate of appealability.

**IT IS ORDERED** that the Movant's Motion to Vacate and Correct Sentence Pursuant to 28 U.S.C. § 2255, filed June 24, 2016 (CIV Doc. 1; CR Doc. 88), is dismissed for lack of jurisdiction, a certificate of appealability is denied, and final judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Benjamin A. Gonzales
  Federal Public Defender
Federal Public Defender's Office
Albuquerque, New Mexico

        *Attorneys for the Movant*

Damon P. Martinez
  United States Attorney
Joel R. Meyers
  Assistant United States Attorney
U.S. Attorney's Office
Albuquerque, New Mexico